IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| ROLAND TIREY, | ) | Cause No. CV 11-51-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On March 30, 2011, Petitioner Roland Tirey moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. Tirey is a state prisoner proceeding pro se.

For the reasons explained below, the petition should be dismissed without prejudice to Tirey's re-filing after he has exhausted his remedies in the courts of the State of Montana.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file

1

an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

## II. Background

Tirey sexually assaulted his stepdaughter in February 1996. He pled guilty to felony sexual assault and, in 1997, he was sentenced to serve 50 years in prison, with 25 suspended. He was paroled in 2004. He violated the conditions of his release by failing to comply with sex-offender treatment requirements and failing to report to his probation officer. He returned to prison in 2005. State v. Tirey, 247 P.3d 701, 702 ¶ 8 (Mont. 2010) (as amended on denial of reh'g); Appellant Br. at 2, Tirey, No. DA 09-0522 (Mont. filed Apr. 14, 2010).[1]

On November 11, 2008, Tirey was discharged from prison to begin serving the suspended portion of his sentence. He was not given prescribed medications for conditions including high blood pressure, depression, and asthma when he left prison. He reported to his supervising probation officer, Sandra Fairbank of the Missoula

---

[1] Tirey submitted with his petition documents deemed too voluminous to scan, including his appellate brief and the transcripts cited below. They are retained by the Clerk in paper form. His appellate brief is also available online at http://supremecourtdocket.mt.gov, No. DA 09-0522 (accessed Apr. 19, 2011).

probation and parole office, on November 12.[2]

Although it appears Tirey had a place to live, he could not move in until Fairbank visited it and approved his living there. He was turned away from homeless shelters. As a result, Tirey was living in a borrowed pickup truck. Fairbank knew Tirey's living conditions and agreed that he called her daily to report his location. Appellant Br. at 4, State v. Tirey, No. DA 09-0522 (Mont. filed Apr. 14, 2010); Tr. at 22:11-24:1 (Mar. 19, 2009).

Among other conditions, Tirey was required to report in person to Fairbank once a week; to complete "job logs" showing – rather preposterously – at least twenty contacts per day to attempt to obtain employment; and to enroll in out-patient sex offender treatment within two weeks. Tirey missed appointments with his sex-offender treatment provider, Lindsay Clodfelter, on November 20 and November 25, 2008. On November 26, 2008, Fairbank arrested Tirey and held him for 72 hours. He was released on Saturday, November 29, and ordered to report to Fairbank as soon as possible. He reported to her on Tuesday, December 2, 2008. Tirey, 247 P.3d at

---

[2] On August 29, 2006, Tirey filed a complaint in this Court alleging civil rights violations by probation officers in the Missoula office. A settlement was reached. The State agreed to pay Tirey $1200.00 because officers seized his computer and donated it without due process of law. On the date of his release from prison, Tirey's motion to withdraw from the settlement agreement and proceed to trial was pending. Ultimately, the motion was denied and the settlement was effected over Tirey's objection. See Tirey v. Strecker, et al., No. CV 06-136-M-DWM-JCL (D. Mont. judgment entered Mar. 9, 2009). Fairbank was not a party to the suit but testified that she was aware of it. Tr. at 25:8-26:2 (Mar. 19, 2009) (retained by Clerk).

702-03 ¶¶ 10-13.

On December 3, 2008, Tirey failed to report to Fairbank at 7:30 a.m. as scheduled. He told her he had run out of gas and then attended a job interview. He had an appointment scheduled later that day with Clodfelter. When he appeared at Clodfelter's office for his appointment, Fairbank arrested him for failing to comply with the conditions of his release. Id. at 703 ¶¶ 14, 18-19; Pet. (doc. 1) at 2-3 ¶¶ 1-8.

The State filed a petition to revoke Tirey's suspended sentence. The trial court found that Tirey violated the conditions of his release because he "failed to participate in sex offender treatment as recommended" and "fails to take responsibility for not attending treatment . . . and offers incredible excuses for when he does miss treatment appointments." Order of Revocation at 2-3, State v. Tirey, No. DC-96-144(B) (Mont. 11th Jud. Dist. July 24, 2009).[3] On July 24, 2009, the trial court revoked his probation and resentenced him to serve 25 years in prison, with seven years suspended.

Tirey appealed. On February 11, 2011, the Montana Supreme Court affirmed the trial court's decision.

Tirey timely signed his federal habeas petition and deposited it in the prison mail system on March 29, 2011. Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S.

---

[3] This document, too, is among those submitted by Tirey with his petition.

266, 270-71 (1988) (establishing prison mailbox rule); 28 U.S.C. § 2244(d)(1)(A).

### III. Tirey's Allegations

Tirey's petition alleges, as grounds for relief, four conditions of probation:

> [M]ust obtain gainful employment and remain so employed, to the satisfaction of his supervising officer[;] . . .
> [M]ust personally report to his supervising officer as directed[;] . . .
> The defendant must comply with all recommendation[s] for outpatient sex offender treatment resulting from treatment in prison[;] . . .
> The defendant must remain law abiding in all respects.

Pet. at 4-7, ¶¶ 12A-12D. It is not clear whether Tirey complains that these conditions were imposed at his resentencing in 2009 or whether he objects to the trial court's finding that he violated them.

Tirey also submitted a "Brief in Support of Memorandum" alleging several instances of ineffective assistance of counsel at the revocation hearing ("revocation counsel") and on direct appeal. He contends that revocation counsel permitted the trial court to believe he had to attend group therapy within two weeks of his release when he actually had to enroll within two weeks, Br. (doc. 2) at 5 ¶ 1; failed to substantiate Tirey's claims that his medical condition, lack of gas, and subjection to extremely cold temperatures while sleeping in his truck caused him to miss an appointment with Fairbank and generally interfered with his ability to comply with

5

his conditions, id. at 5-6 ¶¶ 2, 5, 7-8; failed to show he complied with Fairbank's demand for job contact logs, id. at 6 ¶ 6; failed to contradict Fairbank's testimony that Clodfelter was afraid of him, id. at 5 ¶ 3; and "never explain[ed] the option Petitioner had for an appeal," id. at 6 ¶ 9. See also Br. at 9-10 ¶¶ 2, 4-5, 7-10.

Tirey also alleges that appellate counsel was ineffective because she failed to allege ineffective assistance by revocation counsel, Br. at 8 ¶ 1; "failed to file any other option when ask[ed] by Petitioner," id. at 8 ¶ 2; and failed to object to new modifications of his conditions, id. at 8 ¶ 3. He also complains that the State used false evidence against him, in violation of the Due Process Clause, id. at 9-10 ¶¶ 1, 3, 14, and that his sentence is "grossly disproportionate to the crime," id. at 10 ¶ 13.

For his relief, Tirey asks to be placed back on probation or to receive a new hearing and resentencing. Pet. at 8 ¶ 18.

### IV. Analysis

While one or two of Tirey's claims may have been fairly presented on direct appeal, most of his claims allege ineffective assistance of counsel at revocation and on appeal. No claims of ineffective assistance have been exhausted in the courts of the State of Montana.

Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with

6

respect to each claim he raises in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (1982). Exhaustion is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." <u>Id.</u>

To meet the "fair presentation" requirement, a petitioner must:

(i) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999);

(ii) describe "the federal legal theory on which his claim is based," <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008); and

(iii) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," <u>id.</u>

A petitioner must meet all three prongs of the test in one proceeding to make a fair presentation of his claim.

Here, Tirey may still file a postconviction petition in the trial court. Mont. Code Ann. § 46-21-101 et seq. He has not done so, nor has he appealed any adverse decision to the Montana Supreme Court. Pet. at 3 ¶¶ 11-12. Because those remedies remain available to him, he must use them before he proceeds here.

A federal petition may be stayed while a state prisoner exhausts his remedies in state court if the prisoner can show good cause for his failure to exhaust prior to filing in federal court. <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005). Here, however,

Tirey says he was unaware of the postconviction option, e.g., Pet. at 3 ¶ 13, 4 ¶ 12A(5), and that is not good cause. Tirey will not be prejudiced by dismissal of his federal petition at this stage. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). He is advised that the one-year federal limitations period, 28 U.S.C. § 2244(d)(1), does not run while a "properly filed" petition for postconviction or other collateral relief is pending in state court, id. § 2244(d)(2), but he must proceed expeditiously after his state remedies are exhausted.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Even assuming that Tirey has made some showing that he was deprived of a federal constitutional right, 28 U.S.C. § 2253(c)(2), he clearly has not presented the majority of his claims to the state courts, and yet he still has the ability to do so under state law. There is no doubt about the procedural ruling, Slack, 529 U.S. at 484, and no reason to encourage further proceedings in this Court, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A certificate of appealability is not warranted.

///

///

8

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition and Brief (docs. 1, 2) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

dismissal of his case without notice to him.

DATED this 20th day of April, 2011.

                                              */s/ Jeremiah C. Lynch*
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge